UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| GREG REVELL and ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> PORT AUTHORITY OF NEW YORK AND NEW JERSEY and POLICE OFFICER SCOTT ERICKSON <br><br> Defendants. | Civ. Action No. 06-402 (KSH) <br><br><br> **OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

The background of this case is set forth in the Court's opinion dated June 29, 2007. Briefly, plaintiff Association of New Jersey Rifle and Pistol Clubs, Inc. ("Association") sought an injunction enjoining defendants from enforcing N.J.S.A. §§ 2C:39-5(b) (possession of a handgun without a permit) and 2C:39-3(f) (possession of hollow point ammunition) against its non-resident members who are entitled to transport firearms and ammunition through New Jersey pursuant to 18 U.S.C. §926A, which permits the transportation of firearms and ammunition through a state, even if possession of the firearms in that state would otherwise be illegal, so long as: (1) the firearms and ammunition are lawful in both the states of embarkation and destination; and (2) neither the firearms nor ammunition are readily accessible during transportation. Relying on City of Los Angeles v. Lyons, 461 U.S. 95 (1983), the Court dismissed the Association's claim for injunctive relief, stating that "the Association does not meet Article III's injury in fact requirement to establish an actual case or controversy." Slip op.

1

at 15.  The Association has moved pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment due to an alleged intervening change in controlling law.  The Association also seeks leave to amend the complaint

> to allege that non-resident members of the Association who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A are refraining from doing so because they are subject to arrest by the Port Authority pursuant to N.J.S. § 2C:39-5(b) and N.J.S. § 2C:39-3(f) and that it is Port Authority policy to arrest such persons.

(Pl.'s Reply Br. at 2.)

"A proper motion to alter or amend judgment 'must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice.'"  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (quoting Natural Res. Def. Council v. U.S. Envtl. Prot. Agency, 705 F. Supp. 698, 702 (D.D.C. 1989)) (alterations in original).  The Association argues that the Supreme Court's recent opinion in MedImmune, Inc. v. Genentech, Inc., __ U.S. __, 127 S. Ct. 764 (2007), decided on January 9, 2007, "clarifie[s] what is required to demonstrate a threat of prosecution which confers Article III standing . . . ."  (Def.'s Mov. Br. at 1.)  The Court disagrees.

In MedImmune, which was decided more than five months before the Court's opinion at issue, the Supreme Court held that a patent licensee is not required to terminate or breach its license agreement with the patent holder before filing an action seeking a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed.  127 S. Ct. at 777.  Contrary to the Association's assertions, MedImmune in no way altered the longstanding rule established in Lyons that the "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the

administration of the State's criminal laws in the absence of irreparable injury which is both great and immediate." 461 U.S. at 112.

The Association does not argue that the Port Authority must be enjoined from enforcing §§ 2C:39-5(b) and § 2C:39-3(f) because the statutes are unconstitutional. Rather, the Association seeks an injunction enjoining the Port Authority from enforcing these laws against its non-resident members because it claims that the Port Authority has a policy of ignoring a federal law that protects these members from prosecution under these state laws in certain limited circumstances.

In Lyons, the plaintiff sought an injunction enjoining Los Angeles police officers from using chokeholds to restrain criminal suspects absent the threat of immediate use of deadly force. 461 U.S. at 98. Specifically, the complaint alleged that Los Angeles police officers,

> pursuant to the authorization, instruction, and encouragement of Defendant City of Los Angeles, regularly and routinely apply these [chokeholds] in innumerable situations where they are not threatened by the use of any deadly force whatsoever, that numerous persons have been injured as the result of the application of the chokeholds, that Lyons and others similarly situated are threatened with irreparable injury in the form of bodily injury and loss of life, and that Lyons justifiably fears that any contact he has with Los Angeles [police] officers may result in his being choked and strangled to death without provocation, justification or other legal excuse.

Id. The Supreme Court declared that the plaintiff was not entitled to injunctive relief because "a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional. . . ." Id. at 111. Such is the situation here. As the Lyons Court noted, "withholding injunctive relief does not mean that federal law will exercise no deterrent effect in these circumstances. If [an Association member] has suffered an injury barred by the Federal Constitution, [s]/he has a remedy for damages under § 1983." Id. at 111–13 (citation and quotation omitted).

Good cause thereby appearing,

**IT IS** on this 9th day of August, 2007,

**ORDERED** that plaintiffs' motion to alter or amend the judgment, appearing on the docket as entry # 45, is **denied**.

>                /s/  Katharine S. Hayden
>
>                Katharine S. Hayden, U.S.D.J.