## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GREGG C. REVELL, ET AL.,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06-402 (KSH)** |
| **v.** | : | |
| | : | |
| **PORT AUTHORITY OF NEW YORK** | : | **OPINION & ORDER** |
| **AND NEW JERSEY, ET AL.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

This matter having come before the Court by way of motion of the plaintiff, filed on

August 2, 2007, for leave to file an amended Complaint to name Lieutenant William Burns as a

defendant;[1]

and the Court having considered the parties submissions and arguments;[2]

---

[1]The plaintiff's claims against the originally named defendants are for a violation of 28 U.S.C. § 1983 and arise out of an April 1, 2005 arrest. Although the plaintiff has not submitted a proposed Amended Complaint in support of this application, the proposed claim against Lieutenant Burns appears to also arise under Section 1983 out of the same arrest.

[2]In support of his motion, the plaintiff argues only that leave should now be granted to file an Amended Complaint to name Lieutenant Burns because he did not learn of Lieutenant Burns' involvement in the April 1, 2005 arrest at issue in this case until March 7, 2007 when he received discovery responses and then again on April 4, 2007 during defendant Officer Erickson's deposition. As such, although the plaintiff acknowledges that the applicable statute of limitation is two years, he contends that his claims are timely because the "discovery rule" tolls the statute of limitations until the date on which he learned of Lieutenant Burns' involvement. Notably, the plaintiff offers no argument or explanation under Rules 15 or 20 regarding his delay in seeking leave to file the Amended Complaint.

In opposition, the defendants argue that the plaintiff's request to file an amended Complaint should be denied because the claims are barred by the statute of limitations. They contend the "discovery rule" does not toll the statute because although the plaintiff might not have been aware of Lieutenant Burns' role in the arrest, the plaintiff was aware of his alleged injury and the discovery rule focuses on the time at which a plaintiff becomes aware of the injury,

1

Dockets.Justia.com

and the Court having decided this motion pursuant to Fed. R. Civ. P. 78;

and L. Civ. R. 7.1(f) stating that "[u]pon filing of a motion for leave to file an amended complaint . . .the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled;"

and the plaintiff having failed to attach a copy of the proposed amended complaint;

and the Court therefore finding that the plaintiff's motion is procedural deficient and should be denied under L. Civ. R. 7.1(f); see also  In Re Merck & Co. Inc., No. 06-2911, 2007 WL 2049017, * 9 n.2 (3d Cir. July 18, 2007)(citing Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) for the proposition that a court may refuse to grant leave to file an amended pleading when the movant fails to provide a copy of the proposed pleading);

and the Court further finding that the motion should be denied on substantive grounds;

and Federal Rule of Civil Procedure 20(a), which governs the joinder of parties, providing that:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action;

and thus joinder pursuant to Rule 20(a) requiring both that "(1) a right to relief must be asserted against the parties which is predicated upon or arises out of a single transaction or occurrence or series of transactions and occurrences, *and* (2) there must exist some question of

---

not on when he becomes aware of who caused it.  The defendants also contend the plaintiff has known about Lieutenant Burns' involve since March 7, 2007, when they served their response to the plaintiff's interrogatories, which stated that Lieutenant Burns was involved in the plaintiff's arrest.

2

law or fact common to all parties which will arise in the action," N. J. Mach. Inc. v. Alford Indus., Inc., 1991 WL 340196, *1 (D.N.J. 1991) (emphasis in original); see also Morris v. Paul Revere Ins. Group, 986 F.Supp. 872, 885-886 (D.N.J. 1997) (denying plaintiff's motion to join defendant accountants because their actions, although potentially constituting malpractice, had "no bearing on the principal issues in [that] case and consequently fail[ed] to implicate any common questions of law or fact"); Mesa Computer Utilities, Inc. v. Western Union, 67 F.R.D. 634, 637 (D. Del. 1975) (holding that franchise agreements negotiated and executed at different times and locations and with different plaintiffs satisfied both tests even though "[i]t [was] apparent . . . that the legal and factual issues to be determined [would] differ in some respects from one plaintiff to the next" because defendants' "acts of misrepresentation and conspiracy which directly affected all plaintiffs . . . may constitute a single transaction or occurrence for purposes of Rule 20(a)" and because "there [was] . . . [at least] one question of law or fact common to the parties");

and a transaction being defined as "a word of flexible meaning [that may] comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship," id. (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974));

and there being no question that the proposed claims against Lieutenant Burns are predicated upon the same transaction or occurrence or series of transactions and occurrences as the originally named defendants and that there are questions of law or fact common to all parties because the claims against Lieutenant Burns arise out of the same arrest;

and Rule 20 also requiring that courts consider "other relevant factors in a case in order to

determine whether the permissive joinder of a party will comport with the principles of

fundamental fairness," even when the two-part test is satisfied, such as

> the possible prejudice that may result to any of the parties in the
> litigation, the delay of the moving party in seeking an amendment
> to his pleadings, the motive that the moving party has in seeking
> such amendment, the closeness of the relationship between the new
> and the old parties, the effect of an amendment on the court's
> jurisdiction, and the new party's notice of the pending action,

Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980);

and courts interpreting Rule 20 liberally to "achieve the rule's goals of promot[ing]

judicial economy and efficiency," Snodgrass v. Ford Motor Co., 2002 WL 485688, at *2 (D.N.J.

2002); see also Miller v. Hygrade Food Prod. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001) (stating

that "the impulse is towards entertaining the broadest possible scope of action consistent with

fairness to the parties; joinder of claims, parties and remedies is strongly encouraged") (internal

citation and quotation marks omitted);

and motions to join parties under Rule 20 falling squarely within the discretion of the

court, which must determine whether the proposed joinder comports with the "principles of

fundamental fairness," N.J. Mach. Inc., 1991 WL 340196 at *1;

and the Court finding that the possible prejudice that may result to any of the defendants

and the plaintiff's delay in seeking an amendment to his pleadings militate against permitting the

plaintiff to file the amended pleading to add Lieutenant Burns under Rule 20;[3]

and the Court therefore finding that the plaintiff's motion should be denied under Rule

---

[3]Since the factors to consider under Rule 20 identified in Desert Empire, 623 F.2d at
1375, significantly overlap with those the Court must consider under Rule 15, the analysis
contained in footnote 6, infra, embodies the Court reasoning under both Rules 15 and 20.

20;

and the Court further finding that the motion should also be denied under Rule 15;

and Rule 15(a) providing:

> [a] party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served . . . .
> Otherwise a party may amend the party's pleading only by leave of
> court or by written consent of the adverse party; and leave shall be
> freely given when justice so requires,

Fed. R. Civ. P. 15(a);

and the federal rules allowing for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and providing that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits, Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted);

and, under Rule 15, the decision to amend resting within the sound discretion of the Court; see id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981);

and the United States Supreme Court having stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment, see Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006)(stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust" and noting that although there is no "presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue,'" a delay of eleven months is not presumptively unreasonable); see also Long v.

Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15);

and the defendants' argument that the proposed claims against Lieutenant Burns are barred by the statute of limitations because the discovery rule does not apply being akin to an argument that the proposed claim is futile;

and the law providing that an amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations and quotations omitted);

and in determining whether an amendment is "insufficient on its face," courts employ the Rule 12(b)(6) motion to dismiss standard, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997) (citations omitted);

and a motion to dismiss being granted under Rule 12(b)(6) if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1974 (2007); see also id. at 1968-69 ("retiring" the rule first articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); Rodriguez v. Fajardo, Civ.No. 06-4996, 2007 WL 1959254, *4 (D.N.J. July 3, 2007); Charles v. Lawyers Title Ins.

6

Corp., Civ. No. 06-2361, 2007 WL 1959253, *2 (D.N.J. July 3, 2007);

and while detailed factual allegations being unnecessary to survive a Rule 12(b)(6) motion, "a pleader's obligation to provide the grounds of his entitlement to relief requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action" and requiring that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint [or pleading] are true (even if doubtful in fact)," Twombly, 127 S.Ct. at 1965; see Gross v. The German Foundation Industrial Initiative, Civ. No. 02-2936, 2007 WL 2326861, * 71 (D.N.J. August 15, 2002); Motino v. Toys "R" Us, Inc., Civ. No. 06-370, 2007 WL 2123698, * 1-2 (D.N.J. July 19, 2007); Roznowski v. S. Plainfield Police Dept., Civ. A. No. 06-2009 (DMC), 2007 WL 2027925, *2 (D.N.J. July 9, 2007);

and when examining the sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and view the allegations set forth therein as true and in the light most favorable to the party asserting them, see Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citations omitted);

and the Court finding that as the discovery rule does not apply in this case, the claim against Lieutenant Burns is barred by the applicable statute of limitation, and therefore, the proposed claim against him is futile;[4]

---

[4]Here, like the claims against the originally named defendants, the proposed claim against Lieutenant Burns arises under 42 U.S.C. § 1983 for his role in plaintiff's alleged wrongful arrest on April 1, 2005. The parties do not dispute that the statute of limitations for such a claim is two years. Indeed, as retired Judge John W. Bissell stated:

> It is well established that the statute of limitation for any § 1983
> claim is defined by the statute which limits actions for personal

> injuries. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). "In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Brown v. Foley*, 810 F.2d. 55, 56 (3d Cir. 1987). Accordingly, the plaintiff's § 1983 claim is governed by a two-year statute of limitations.

Mullen v. Port Authority of New York and New Jersey, 100 F. Supp. 2d 249, 260 (D.N.J. 1999); see Cruz v. City of Camden, 898 F. Supp. 1100, 1112 (D.N.J. 1995). Thus, under the applicable statute of limitation, plaintiff's claim against Lieutenant Burns is untimely because the plaintiff seeks to assert it more than two years after the April 1, 2005 arrest.

The plaintiff contends, however, that the claims are not untimely because he did not learn that Lieutenant Burns played a role in his arrest until defendant Officer Erickson's deposition on April 4, 2007 (or at the earliest when it received the defendant's interrogatories on March 7, 2007) and, under the discovery rule, the claims against Lieutenant Burns did not accrue until the plaintiff learned of his involvement. The discovery rule "provides that a cause of action will not accrue until the injured party discovers or by an exercise of reasonable diligence and intelligence should have discovered that a basis for an actionable claim exists." Cruz, 898 F. Supp. at 1113 (citing Fernandi v. Strully, 35 N.J. 434 (1961)); Provenzano v. Integrated Genetics, 22 F. Supp. 2d 406, 411-13. Notably, "[t]he focus of a discovery rule inquiry should center upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others. Knowledge of the exact identity of who caused the injury is not required." Id. at 1113-14. The Court has found "no cases which instructs it to extend the tolling of the statue of limitations simply because a plaintiff knew that his injury was caused by the fault of another, but did not know their exact identity". Accordingly, the discovery rule would not apply to plaintiff's proposed claim against Lieutenant Burns. The plaintiff does not contend that he was unaware that he was injured. To the contrary, plaintiff recognized his alleged injury and filed a timely lawsuit against defendants Port Authority and Officer Erickson. Although the exact identity of others who might have caused his injury, such as Lieutenant Burns, might have become known shortly before and again confirmed after the statute of limitation ran, the case law makes clear that the focus of the discovery rule is on recognition of the injury and not those who allegedly caused it.

Accordingly, the Court finds that the applicable statute of limitation has passed, the discovery rule does not toll the statute of limitation, and, therefore, the plaintiff's proposed claim against Lieutenant Burn is futile.

The plaintiff has not argued that his claims should related back to the date of the filing of the original complaint under Rule 15(c) and hence has waived his right to pursue this avenue of relief. Padilla v. Township of Cherry Hill, 110 Fed. Appx. 272, 267-77 (3d Cir. 2004) (not

and with regard to undue delay and bad faith, the Court of Appeals for the Third Circuit

stating

> [t]he passage of time, without more, does not require that a motion
> to amend a complaint be denied; however, at some point, the delay
> will become "undue," placing an unwarranted burden on the court,
> or will become "prejudicial," placing an unfair burden on the
> opposing party. The question of undue delay, as well as the
> question of bad faith, requires that we focus on the [movant's]
> motives for not amending their [pleading] to assert this claim
> earlier; the issue of prejudice requires that we focus on the effect
> on the [adverse party],

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984) (internal citations omitted); see also

Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay

requires that we focus on the movant's reasons for not amending sooner" and the issue of

prejudice focuses on hardship to the nonmovant if the amendment is permitted);  Lindquist v.

Buckingham Township, Civ. Nos. 03-2431, 03-2971, 2004 WL 1598735, *6 (3d Cir. July 19,

2004) (unpublished) (affirming denial of leave to amend complaint to include equal protection

claim in light of finding that the documents that the amending party alleged were withheld, and

which gave rise to amended claim, were public and delay was, therefore, inexcusable);

and the Court finding that even if the proposed claims were not futile, the plaintiff has

---

precedential).   This is probably because he cannot obtain relief under Rule 15(c).  While there is
no question the claim proposed claim against Lieutenant Burns arises out of the alleged wrongful
arrest described in the original complaint, there is nothing before the Court to show he actually
received notice of the claim.  He was never named before and the plaintiff did not use the "John
Doe" fictitious defendant procedure to identify potentially unknown superior officers to provide
notice that such a person may later by substituted for John Doe.  See id.; Cruz, 898 F. Supp. at
1109, 1116.  Like former Judge Joel Rosen observed, there is "no reason why defendant should
have known the plaintiff intended to sue [him] directly."  Id.  Thus, in the absence of notice of
the action and the presence of prejudice to his defense on the merits as described in note 5, infra,,
Rule 15(c) would not support the requested amendment.  Id. at 1116.

unduly delayed seeking to assert the proposed claims and to permit the plaintiff to file the claims

would prejudice the defendants;[5]

and the Court therefore finding that the plaintiff's motion should be denied under Rule

15;

and for all the reasons set forth herein;

and for good cause shown,

IT IS on this 24th day of August, 2007

---

[5]The plaintiff seeks to amend the pleadings to join a new party approximately 9 months after the date by which the Court intended that amend pleadings would be filed, approximately one month after the deadlines to complete fact discovery and to serve affirmative expert reports, and approximately two months before the final pretrial conference. Thus, if the party is added now, he would be deprived of fully participating in the discovery process and the motion practice that has already occurred. Moreover, Lieutenant Burns was identified as the Tour Commander in the defendants Rule 26 disclosures and identified in the March 7, 2007 interrogatory responses as having participated in the plaintiff's arrest. See Def's Br. at 4. Thus, the plaintiff had notice of his role before the statute of limitations expired and before discovery ended. Relatedly and importantly, despite the plaintiff's contention that he did not know of Lieutenant Burns' involvement in the arrest at issue until defendant Officer Erickson's deposition on April 4, 2007, or perhaps as early as March 7, 2007, see Plaint. Br. at 4, the plaintiff has not explained why he waited for four months before seeking the Court's leave to amend the Complaint to name Lieutenant Burns as a defendant. This delay is undue because it will burden the Court and prejudice the defendants. The Court and the defendants have been working under the assumption that the pleadings are fixed and that all the parties and claims have been identified. Accordingly, the Court set deadlines, which have since passed, for the completion of fact discovery and the service of expert reports. If the Court were to permit the plaintiff to assert claims against a new defendant at this stage of the proceedings, the defendants would be prejudiced by having to conduct additional discovery into the new party when they were working under the impression that all discovery, with the exception of Lieutenant Burns' and Sargent Burns' depositions, had been completed. Moreover, if the Court were to permit the plaintiff to file the amended Complaint the proceedings would be inevitably be delayed because the parties would seek to reopen discovery and this would lead to unexpected expense and unnecessary and prejudicial delay in a case that was filed approximately 20 months ago, in a case where the amendment could have been sought before the statute of limitations expired and the fact discovery deadline has passed.

10

ORDERED that the plaintiff's motion for leave to file an Amended Complaint to name

Lieutenant Burns as a defendant [Docket Entry No. 52] is denied.


s/ Patty Shwartz
United States Magistrate Judge

11