IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC. | ) ) ) |
| Plaintiff | ) ) |
| v. | ) No. 06-402-KSH ) |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY, *et al.* | ) ) ) |
| Defendants | ) ) |

### SECOND AMENDED COMPLAINT

This is an action pursuant to 42 U.S.C. § 1983 for injunctive relief.

### Parties

1) Plaintiff Association of New Jersey Rifle & Pistol Clubs, Inc. ("Association") is a non-profit membership corporation incorporated in the State of New Jersey in 1936 and represents its members and firearms owners in general.  Its address is P.O. Box 353, Pompton Plains, NJ 07444.  Among the Association's purposes is aiding, individually and collectively, firearms owners, shooting competitors, hunters, and sportsmen in every way within the Association's powers and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to possess, transport, and carry firearms and ammunition.

2) Defendant Port Authority of New York and New Jersey is an authority created by a compact entered into by the States of New York and New Jersey in 1921, which was consented to by Congress pursuant to

the Constitution's Interstate Compact Clause.  The Port Authority is a financially independent entity, with funds primarily derived from private investors.  Debts and other obligations of the Port Authority are not liabilities of the States of New York and New Jersey and the States do not appropriate funds to the Authority.  The Port Authority may not draw on state tax revenue, pledge the credit of either State, or otherwise impose any charge on either State.  Christopher O. Ward is the Executive Director, whose address is 15th Floor, 225 Park Avenue South, New York, NY 10003.

3) Defendant Scott Erickson was a police officer for the Port Authority of New York and New Jersey at all times relevant hereto and is named as a defendant in his personal and official capacity.  His address is Building 1, Conrad Road, Newark International Airport, Newark, NJ 07114.

<u>Jurisdiction and Venue</u>

4) This court has jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution and laws of the United States.

5) Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b) as all the events and omissions giving rise to the claims herein occurred in this district.

<u>Count I</u>
<u>(Injunction/18 U.S.C. § 926A)</u>

6) The allegations contained in the foregoing paragraphs are incorporated by reference.

7) 18 U.S.C. § 926A provides in pertinent part:

Notwithstanding any other provision of any law . . . of a State . . ., any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle . . . .

8) 42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

9) Defendants Port Authority of New York and New Jersey and Scott Erickson are "persons" within the meaning of 42 U.S.C. § 1983.

10) 18 U.S.C. § 926A secures the right and entitlement of non-resident members of the Association to travel with their firearms from their State of origin, through New Jersey, and ending in their State of destination, even though New Jersey statutes purport to prohibit possession of such firearms.

11) Non-resident members of the Association travel from States in which possession and carrying of firearms by them is lawful to other States in which possession and carrying of firearms by them is lawful.

12) Non-resident members of the Association travel throughout the United States and pass through New Jersey en route to their destinations. Some such travels involve passage through Newark Liberty International Airport ("Newark Airport") and other locations subject to

the jurisdiction of the Port Authority.

13) It is the ongoing policy and/or practice of the Port Authority to disregard 18 U.S.C. § 926A and to arrest travelers in possession of firearms under color of New Jersey statutes even though such possession is protected by 18 U.S.C. § 926A.

14) Non-resident members of the Association who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A intend to do so, but are refraining from doing so because they are subject to arrest and prosecution pursuant to N.J.S. § 2C:39-5(b) and N.J.S. § 2C:39-3(f), and it is Port Authority policy and/or practice to arrest such persons.

15) Non-resident members of the Association wish to travel with their firearms through Newark Airport and other locations that are subject to the jurisdiction of the Port Authority, but they are effectively coerced and intimidated by Port Authority policy and/or practice of disregarding 18 U.S.C. § 926A into refraining from doing so.

16) As a result of the policy and/or practice of the Port Authority to disregard 18 U.S.C. § 926A, such non-resident members of the Association are coerced and intimidated into taking one of two courses of action: (i) When traveling with firearms lawfully pursuant to 18 U.S.C. § 926A, they avoid Newark Airport and other locations subject to the jurisdiction of the Port Authority to avoid unlawful arrest by the Port Authority, even though they have a right under 18 U.S.C. § 926A to travel unmolested through such locations with

firearms; or (ii) alternatively, they refrain from possessing firearms when traveling through Newark Airport and other locations subject to the jurisdiction of the Port Authority, even though they have the right under 18 U.S.C. § 926A to possess firearms during such travel.

17) Under color of N.J.S. § 2C:39-5(b) and N.J.S. § 2C:39-3(f), Defendants Port Authority of New York and New Jersey and Scott Erickson are depriving non-resident members of the Association who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A of rights, privileges, or immunities secured by 18 U.S.C. § 926A.

18) The Association is entitled to an injunction enjoining Defendants Port Authority of New York and New Jersey (and its agents and employees) and Scott Erickson from enforcing N.J.S. § 2C:39-5(b) and N.J.S. § 2C:39-3(f) against its non-resident members who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief as follows:

1) Enjoin Defendants Port Authority of New York and New Jersey and Scott Erickson from enforcing N.J.S. § 2C:39-5(b) and N.J.S. § 2C:39-3(f) against its members who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A.

2) Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

3) Grant such other relief as the interests of justice require.

Respectfully submitted,

ASSOCIATION OF NEW JERSEY
RIFLE & PISTOL CLUBS, INC.
By counsel


s/Richard V. Gilbert
For the Firm
Evan F. Nappen Attorney At Law, P.C.
21 Throckmorton Avenue
Eatontown, NJ 07724
(732) 389-8888
(732) 389-8744 (fax)


s/Richard E. Gardiner
Richard E. Gardiner
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)