DONALD F. BURKE, ESQ.
One PATH Plaza
Jersey City, New Jersey 07306
(201) 216-6370
Attorney for Defendants
PORT AUTHORITY OF NEW YORK AND NEW JERSEY
AND PORT AUTHORITY POLICE OFFICER SCOTT ERICKSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DOCUMENT ELECTRONICALLY FILED

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC. Plaintiff, | Civil Action No: 06-0402 (KSH) |
| v. | Honorable Katharine S. Hayden, U.S.D.J. |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY and PORT AUTHORITY POLICE OFFICER SCOTT ERICKSON Defendants. | ORAL ARGUMENT REQUESTED |

REPLY BRIEF OF DEFENDANT PORT AUTHORITY OF NEW YORK AND NEW JERSEY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

DONALD F. BURKE, ESQ.
One PATH Plaza
Jersey City, New Jersey 07306
(201) 216-6370
Attorney for Defendants
PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND PORT AUTHORITY POLICE OFFICER SCOTT ERICKSON

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................ii

LEGAL ARGUMENT ...........................................1

POINT I

THE ALLEGATIONS SET FORTH IN THE SECOND AMENDED COMPLAINT ARE
FORMULAIC RECITATIONS OF THE ELEMENTS OF A CAUSE OF ACTION
AND MERE LEGAL CONCLUSIONS THAT DO NOT MEET THE
TWOMBLEY/IQBAL PLEADING STANDARDS.........................1

POINT II

AS A RESULT OF THE ASSOCIATION'S FAILURE TO COMPLY WITH
CONDITIONS PRECEDENT TO SUIT AGAINST THE PORT AUTHORITY, THE
PORT           AUTHORITY           ENJOYS           SOVEREIGN
IMMUNITY..................................................4

POINT III

PLAINTIFF ASSOCIATION MUST BE PRECLUDED FROM RE-LITIGATING
ISSUES PREVIOUSLY RULED UPON BY THE COURT................11

CONCLUSION ..............................................12

## TABLE OF AUTHORITIES

<u>CASES</u>

<u>Alden v. Maine</u>,
527 U.S. 706, 119 S.Ct. 2240 (19990 . . . . . . . . . . . . . . .4,5

<u>Ashcroft v. Iqbal</u>,
556 U.S. __, 129 S. Ct. 1937 (2009) . . . . . . . . . . . . .4,5

<u>Beers v. Arkansas</u>,
61 U.S. (20 How.) 527, 529 (1857) . . . . . . . . . . . . . . . 6

<u>Bergen Pines County Hospital v. New Jersey Department of Human Services</u>,
96 N.J. 456, 477, 476 A.2d 784, 794 (1984) . . . . . . . . . . 2

<u>Cunningham v. Macon & Brunswick R.R. Co.</u>,
109 U.S. 446, 451 (1883) . . . . . . . . . . . . . . . . . . . 5

<u>Evans-Aristocrat Industries, Inc. v. City of Newark</u>,
75 N.J. 84 (1977) ...........................................10

<u>Felder v. Casey</u>,
487 U.S. 131 (1988) .........................................4

<u>Hans v. Louisiana</u>,
134 U.S. 1, 15 (1890)) ......................................9

<u>Hess v Port Authority Trans-Hudson Corporation</u>,
513 U.S. 30, 42, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) .......8

<u>Howell v. The Port of New York Authority</u>,
34 F. Supp. 797 (D.N.J. 1940).................................9

<u>Nichols v. United States</u>,
74 U.S. (7 Wall.) 122, 126 (1868)............................6

<u>Patsy v. Florida Board of Regents</u>,
457 U.S. 496 (1982) .........................................4

<u>Port of New York Authority v. Township of Weehawken</u>,
27 N.J. Super. 328, 333 (Ch. Div. 1953),
<u>rev'd on other grounds</u>,
14 N.J. 570 (1954) ..........................................6

Seminole Tribe v. Florida,
517 U.S. 44 at 69 (1996) ......................................5

Trippe v. Port of New York Authority,
14 N.Y. 2d 119, 198 N.E. 2d 585(1964) .........................9

**FEDERAL STATUTES**

18 U.S.C. 926A ................................. . . . . . 2,3

**STATE STATUTES**

N.J.S.A.2C:39-3(f)......................................... . .3

N.J.S.A.2C:39-5(b)......................................... ..3

N.J.S.A. 32:1-165 ..............................................7

N.Y. Unconsol. Laws §7105 .....................................7

N.Y. Unconsol. Laws Section 7109 ..............................7

**RULES**

Fed R. Civ. P. 8(a)(2) .......................... . . . . . . 2

Fed R. Civ. P. 12(b)(1) ...................................... 12

FedR.Civ.P.12(b)(6) ............................ . . . . . 12

**LEGAL ARGUMENT**

**POINT I**

**THE ALLEGATIONS SET FORTH IN THE SECOND AMENDED COMPLAINT ARE FORMULAIC RECITATIONS OF THE ELEMENTS OF A CAUSE OF ACTION AND MERE LEGAL CONCLUSIONS THAT DO NOT MEET THE TWOMBLEY/IQBAL PLAEADING STANDARDS**

Plaintiff Association in its Opposition Brief concedes the fairly indisputable proposition that in Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937 (2009) the Supreme Court set forth a pleading standard requiring a plausible factual basis establishing the pleader is entitled to relief and that merely asserting "formulaic recitation of the elements" of a Constitutional discrimination claim and legal conclusions are insufficient to withstand a motion to dismiss on the pleadings. Id.

Iqbal instructs that, in considering a motion to dismiss, a court must identify the allegations in the Complaint that are not entitled to an "assumption of truth." Iqbal, 556 U.S.__, 129 S. Ct. 1937, 1940 (2009). Such allegations include mere "legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Iqbal made clear that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-

but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. (citing Fed. R. Civ. P. 8(a)(2)).

The only issue for the court in considering this motion is whether the allegations asserted by the Associations in the Second Amended Complaint are more than simply legal conclusions and formulaic recitations of a cause of action. An allegation at issue is set forth in the Second Amended Complaint at paragraph 13 stating:

> It is the ongoing policy and/or practice of the Port Authority to disregard 18 U.S.C. § 926A and to arrest travelers in possession of firearms under color of New Jersey statutes even though such possession is protected by 18 U.S.C. § 926A.

In determining whether this allegation is entitled to an "assumption of truth", defendants respectfully request the court to consider that the Port Authority is a governmental agency and is entitled to the presumption that its regulations are valid and reasonable and therefore constitutional. Bergen Pines County Hospital v. New Jersey Department of Human Services, 96 N.J. 456, 477, 476 A.2d 784, 794 (1984). Further, there are simply no facts set forth in the second amended complaint to support the conclusion that it is entitled to an assumption of truth.

When one compares the Association's allegations with the allegations found deficient in Iqbal, 556 U.S.__, 129 S. Ct. 1937, 1956 (2009), it is clear that the defendants here are entitled to a dismissal. The Court in Iqbal found that the

allegation that Ashcroft and Mueller "knew of, condoned, and willfully and maliciously agreed to subject" Iqbal to abuse "as a matter of policy" was no more than a "formulaic recitation of the elements" of a Constitutional discrimination claim. Similarly, the Court disregarded Iqbal's allegations that Ashcroft was the "principal architect" of the policy, and that Mueller was "instrumental" in adopting it. Id.

In the instant matter, the Association's allegations that it is the ongoing policy and/or practice of the Port Authority to disregard 18 U.S.C. § 926A and to arrest travelers in possession of firearms under color of New Jersey statutes even though such possession is protected by 18 U.S.C. § 926A is less supported and supportable or plausible than those asserted in Iqbal. Similarly, the Association's assertion in paragraph 17 is not entitled to a presumption of truth:

> Under color of N.J.S. § 2C:39-5(b) and N.J.S. § 2CL39-3(f), Defendants Port Authority of New York and New Jersey and Scott Erickson are depriving non-resident members of the Association who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A of rights, privileges, or immunities secured by 18 U.S.C. § 926A.

These allegations are precisely the sort of conclusory statements that Twombly and Iqbal direct are not to be tolerated. A dismissal of the Second Amended Complaint is, respectfully, required.

**POINT II**

**AS A RESULT OF THE ASSOCIATION'S FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO SUIT AGAINST THE PORT AUTHORITY, THE PORT AUTHORITY ENJOYS SOVEREIGN IMMUNITY**

The Association's reliance on <u>Patsy v. Florida Board of Regents</u>, 457 U.S. 496 (1982), and <u>Felder v. Casey</u>, 487 U.S. 131 (1988) for the proposition that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983" is misplaced. Requiring compliance with the statutory conditions precedent to suing the Port Authority is not requiring simply an "exhaustion of administrative remedies" but, rather, is a requirement of the waiver of the Port Authority's long standing sovereign immunity.

The doctrine of sovereign immunity, the principle that a private citizen may not sue a sovereign without its consent, is not to be cast aside as lightly as the Association would urge. The doctrine predated the Constitution and the founding of our Nation. Sovereign immunity is one of the bedrock principles woven in the fabric of our system of government, and immunity is inherent in the concept of sovereignty itself. A respect for the sovereignty of both the States and the United States has remained critical to a functional coexistence between the federal government and the governments of the States. In <u>Alden v. Maine</u>, 527 U.S. 706, 119 S.Ct. 2240 (1999), the Supreme Court

4

established that the doctrine of sovereign immunity does not depend on the forum, but rather on the identity of the defendant and the plaintiff. See Alden, 527 U.S. at 749 (holding that private suits against nonconsenting States subjects the States to the indignity of the coercive process "regardless of the forum"); see also id. at 733 (sovereign immunity "does not turn on the forum in which the suits [are] prosecuted"). If the defendant is a state or a state agency, it enjoys immunity from suit filed by a plaintiff that is a private party, unless the state has consented to the suit. Indeed, Alden stands for the proposition that "the sovereign immunity of the states transcends the forum in which the state is sued." The Court in Alden also made clear that a defendant enjoying sovereign immunity may "consent to certain classes of suits while maintaining its immunity from others" as a "privilege of sovereignty concomitant to its constitutional immunity from suit." Id. at 114, 119 S. Ct. 2240, 2268. This admonition is particularly applicable here where the Association has failed to satisfy the conditions precedent to an action against the Port Authority seeking injunctive relief.

The Supreme Court recognized over 100 years ago the principle that "neither a State nor the United States can be sued as a defendant *in any court in this country* without [its] consent." Cunningham v. Macon & Brunswick R.R. Co., 109 U.S.

446, 451 (1883) (emphasis added). This Court also has observed "[i]t is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, *or in any other*, without its consent and permission." Beers v. Arkansas, 61 U.S. (20 How.) 527, 529 (1857) (emphasis added), *quoted in* Seminole Tribe v. Florida, 517 U.S. 44 at 69 (1996). The sound public policy underlying the doctrine of sovereign immunity supports its application regardless of the forum.

> [B]ut for the protection which [sovereign immunity] affords, the government would be unable to perform the various duties for which it was created. It would be impossible for it to collect revenue for its support, without infinite embarrassments and delays, if it was subject to civil processes the same as a private person.

Nichols v. United States, 74 U.S. (7 Wall.) 122, 126 (1868). A private suit against a state, whether adjudicated by a federal court or a state court, still violates the same basic policy that supports the States' immunity.

The Association does not refute the long line of cases that recognizes the Port Authority's sovereign immunity. Port of New York Authority v. Township of Weehawken 27 N.J. Super. 328, 333 (Ch. Div. 1953), rev'd on other grounds, 14 N.J. 570 (1954). In fact, the highest Court in the State of New York recognized that:

> ... The Port Authority as a direct agency of the State of New York

6

> was, in the absence of any consent
> by the State, completely immune
> from suits of any sort (<u>Patchogue</u>
> <u>Land Corp. v. Long Island State</u>
> <u>Park </u>Comm., 243 N.Y. 15); <u>Locke v.</u>
> <u>State of New York,</u> 140 N.Y. 480;
> <u>People ex. rel. Palmer v. Travis</u>,
> 223 N.Y. 150; <u>Easley v. New York</u>
> <u>State Thruway Auth</u> " 1 N.Y. 2d
> 374; <u>Benz v. New York State</u>
> <u>Thruway Auth.,</u> 9 N.Y. 2d 486,
> cert. dsmd. 369 U.S. 147).

14 <u>N.Y.</u> 2d at 123. The bi-state statutes specifically set forth the jurisdictional terms and conditions upon which the consent to suits is granted and absent strict compliance with the statutory conditions precedent to suit, the Port Authority retains its sovereign immunity. With regard to plaintiff's request for injunctive relief, <u>N.J.S.A. 32:1-161</u> and <u>N.Y. Unconsol. Laws</u> §7105 provides:

> The foregoing consent does not extend
> to suits, actions or proceedings for
> judgments, orders or decrees
> restraining, enjoining or preventing
> the Port Authority from committing or
> continuing to commit any act or acts,
> other than suits, actions or
> proceedings by the Attorney-General of
> New York or by the Attorney-General of
> New Jersey - each of whom is hereby
> authorized to bring such suits,
> actions or proceedings in his
> discretion on behalf of any person or
> persons whatsoever who requests him so
> to do except in the cases excluded by
> sections two, three and four of this
> act; provided, that in any such suit,
> action or proceeding, no judgment,
> order or decree shall be entered

7

> except upon at least two days, prior
> written notice to the Port Authority
> of the proposed entry thereof.

Similarly, N.J.S.A. 32:1-165 and N.Y. Unconsol. Laws §7109 provide:

> The commissioners, officers or employees
> of the Port Authority shall not be
> subject to suits, actions or proceedings
> for judgments, orders or decrees
> restraining, preventing or enjoining them
> in their official or personal capacities
> from committing or continuing to commit
> any act or acts on behalf of the Port
> Authority other than suits, actions and
> proceedings brought by the Attorney-
> General of New York or by the Attorney-
> General of New Jersey or by the Port
> Authority itself, each of said Attorneys-
> General being hereby authorized to bring
> such suits, actions or proceedings in his
> discretion on behalf of any person or
> persons whatsoever who requests him so to
> do except in the cases excluded by
> sections two, three and four of this act;
> provided, that in any such suit, action
> or proceeding brought by either Attorney-
> General, no judgment, order or decree
> shall be entered except upon at least two
> days notice to the defendant of the
> proposed entry thereof.

While the Supreme Court in Hess v Port Authority Trans-Hudson Corporation, 513 U.S. 30, 42, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994), a 5-4 decision, held that the Port Authority was not entitled to Eleventh Amendment immunity, the Court did not address the Port Authority's Sovereign Immunity. This is important because the Supreme Court has long understood the Eleventh Amendment to be illustrative of a different

8

constitutional principle, and has upheld claims of state
sovereign immunity in situations falling outside the Eleventh
Amendment's literal coverage. This is important here because
since it has long the law that:

> The Port Authority, a bi-state corporation (Helvering etc.
> v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427), is
> a joint or common agency of the states of New York and New
> Jersey.  It performs governmental functions which project
> beyond state lines, and it is immune from suit without its
> consent. Voorhis et al. v. Cornell Contracting Corp. and
> Port of New York Authority et al., 170 Misc. 908, 10
> N.Y.S.2d 378; LeBeau Piping Corporation v. City of New York
> and Port of New York Authority et al., 170 Misc. 644, 9
> N.Y.S.2d 853; Pink, etc., v. Port of New York Authority et
> al., Supreme Court, New York County, February 3, 1938;
> Miller et al. v. Port of New York Authority et al., supra.

Howell v Port of New York Authority, 34 F. Supp. 797 (D.N.J.
1940). In fact, in footnote 8, the Hess majority cited with
approval the state cases recognizing the Port Authority's
sovereign immunity stating: "Our assumption was in accord with
prior state and federal decisions typing the Port Authority a
state arm or agency.  See, e.g., Howell v. Port of New York
Authority, 34 F.Supp. 797, 801 (NJ 1940); Trippe v. Port of New
York Authority, 14 N.Y.2d 119, 123, 198 N.E.2d 585, 586 (1964);
Miller v. Port of New York Authority, 18 N.J.Misc. 601, 606, 15
A.2d 262, 266 (Sup.Ct.1939).

The Supreme Court "has upheld States' assertions of
sovereign immunity in various contexts falling outside the
literal text of the Eleventh Amendment." Alden v. Maine, 527

U.S. 706, 727 (1999); see also, e.g., Hans v. Louisiana, 134
U.S. 1, 15 (1890). Thus, the Court has found constitutional
principles of state sovereign immunity to be applicable to
federal-question suits against States brought by citizens of the
defendant State, federal corporations, foreign nations, and
Indian Tribes. See id. at 727-728. The Court in Alden held that
"the powers delegated to Congress under Article I of the United
States Constitution do not include the power to subject
nonconsenting States to privates suits for damages in state
courts." Id. at 712; see id. at 712-757. Thus, while an
analysis of Hess is important, the analysis needs to be
juxtaposed alongside the subsequent analysis of the Supreme
Court in subsequent cases, particularly Seminole Tribe v.
Florida, 517 U.S. 44, 58 (1996) and Alden v. Maine, 527 U.S.
706, 727 (1999). The bottom line is that the Port Authority
enjoys sovereign immunity from suit absent compliance with the
conditions precedent to suit and Hess' holding that the Port
Authority does not enjoy Eleventh Amendment immunity does not
change this conclusion.

In the case at bar, it is undisputed that the plaintiff has
failed to comply with the conditions precedent that would allow
this suit for injunctive relief to be maintained against the
Port Authority. Specifically, this suit is neither brought nor
participated in by either the Attorney-General of New York or by

the Attorney-General of New Jersey as required by N.J.S.A. 32:1-165. See Evans-Aristocrat Industries, Inc. v. City of Newark, 75 N.J. 84 (1977). Thus, plaintiff's civil action to enjoin the Port Authority cannot be maintained.

**POINT III**

**PLAINTIFF ASSOCIATION SHOULD BE PRECLUDED FROM RE-LITIGATING ISSUES PREVIOUSLY RULED UPON BY THE COURT**

The Association seeks to get a second bite at the apple on issues previously ruled upon by this court in a total disregard of its obligation not to engage in frivolous litigation. Thus it attempts to argue that the June 29, 2007 Opinion and Order can be ignored because the Association was dismissed from the case "because it did not have standing." (Opposition Brief at 8-9). The Association's second amended complaint raises factual and legal issues that have already been decided and to re-argue them as if they had not is frivolous and abusive.

11

## CONCLUSION

For the foregoing reasons and for the reasons set forth in its Memorandum of Law in Support of this motion, defendants Port Authority and Police Officer Scott Erickson respectfully request that the Court grant this motion for dismissal of the Second Amended Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6).

**Respectfully Submitted,**

**DONALD F. BURKE, ESQ.**
**Attorney for Defendants**
**PORT AUTHORITY OF NEW YORK AND NEW**
**JERSEY AND PORT AUTHORITY POLICE**
**OFFICER SCOTT ERICKSON**

By: S/_____
        Donald F. Burke

Dated:    September 28, 2009

12