NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.<br>    Plaintiff,<br><br>  v.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and PORT AUTHORITY POLICE OFFICER SCOTT ERICKSON,<br>    Defendants. | Civ. Action No. 06-0402 (KSH)<br><br><br><br>**OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

  This matter comes before the Court on a motion to amend the judgment to grant leave to amend the second amended complaint filed by the Association of New Jersey Rifle & Pistol Clubs, Inc. [D.E. 131.] Defendants Port Authority of New York and New Jersey and Port Authority police officer Scott Erickson (collectively, "Port Authority") have not filed opposition.

  This case first came before the Court when the Association and Gregg Revell jointly filed a complaint against the Port Authority. [D.E. 1.] This Court filed an opinion that granted the Port Authority's motion to dismiss the complaint, holding that the Association did not meet the Article III injury in fact requirement necessary to establish standing because it had not shown a sufficient likelihood that its members would be injured in the future. [D.E. 38.]

  The Association filed a motion to alter the judgment to grant leave to amend the complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). [D.E. 45-1.] The Court

filed a second opinion, denying the motion. [D.E. 53.]  On appeal, the Third Circuit held that the Court should have granted leave to amend the complaint to allege facts sufficient to demonstrate standing.  *Revell v. Port Auth. of N.Y. & N.J.*, 321 Fed. Appx. 113 (3d Cir. 2009).  Pursuant to the Third Circuit's directive, this Court granted the Association leave to amend. [D.E. 119.]

On March 17, 2010, this Court issued an opinion granting Port Authority's motion to dismiss the second amended complaint prompting the pending motion which seeks to amend again, pursuant to FRCP 59(e).  The motion's moving papers include a brief in support of the motion; the affidavits of three Association members, William A. Bachenberg, John Cushman, and Thomas H. King, who allege that they have refrained from traveling through Newark Airport with their firearms because of the Port Authority's practice of stopping such individuals; the affidavit of Michael S. Payne, an individual who was allegedly stopped while in Newark Airport carrying a firearm, and then charged with unlawful possession of a handgun; and a proposed order granting the Association's motion to amend the judgment.  The Association did not submit a proposed amended version of the complaint with its moving papers.

In the District of New Jersey, Local Civil Rule ("L. Civ. R.") 7.1 governs motions for reconsideration.  *Id.*  The commentary to the New Jersey L. Civ. R. 7.1 states:

> There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision.  The closest federal rule is . . . 59(e), which allows a court to "alter or amend" a judgment.  In this district, however, L. Civ. R. 7.1(i) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge or a Magistrate Judge to take a second look at any decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.

(citations omitted.)

The Association filed the pending motion on April 13th, more than 10 days after the Court's March 17th opinion. Even though the Association's motion was untimely filed, the Court will proceed with its analysis. New Jersey L. Civ. R. 7.1 states:

> (f) Motions Regarding Additional Pleadings
> Upon filing a motion for leave to file an amended complaint or answer, a complaint in intervention or other pleading requiring leave of Court, *the moving party shall attach to the motion a copy of the proposed pleading* or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith.

L. Civ. R. 7.1(f) (emphasis added).

As discussed in the Rule's commentary, "The need for the proposed pleading to be appended to the motion papers is self-evident: 'The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading.'" (quoting *Folkman v. Roster Financial*, 2005 U.S. Dist. LEXIS 18117 (D.N.J. 2005) (Kugler, J.)). In *U.F.C.W. Local 56 v. J.D.'s Market*, 240 F.R.D. 149, 150 (D.N.J. 2007), Judge Simandle stated that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion. Several district court opinions in this Circuit have echoed Judge Simandle's sentiments. *See e.g.*, *Tucker v. Wynne*, 2009 U.S. Dist. LEXIS 69546 (D.N.J. 2009) (Pisano, J.) ("failure to include a proposed amended complaint is a basis for dismissal of a plaintiff's motion to amend his complaint"); *Warren v. Gelardi*, 2009 U.S. Dist. LEXIS 2333 (D.N.J. 2009) (Brown, C.J.) ("a party seeking leave to file an amended complaint must file a motion for leave to file an amended complaint, attaching thereto a copy of the proposed pleading or amendments"); *Parker v. Howmedica Osteonics Corp.*, 2008 U.S. Dist. LEXIS 2570 (D.N.J. 2008) (Linares, J.) ("requesting leave to amend requires the party seeking leave to file a draft amended complaint . . . a failure to do so is fatal to a request for leave to

amend"); *Trans World Techs. V. Raytheon Co.*, 2007 U.S. Dist. LEXIS 82118 (D.N.J. 2007) (Bumb, J.) ("pursuant to Local Rule 7.1(f), Plaintiff must attach a copy of the proposed amended pleading to its motion").

The Association did not submit a copy of the proposed amended pleading with its motion to alter judgment. Instead, the Association submitted three affidavits of Association members, and one affidavit of an individual allegedly stopped while in Newark Airport carrying a firearm. The failure to provide a copy of the proposed complaint alone supports denying the motion. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (holding that even where the district court failed to provide a reason for its denial of plaintiffs' motion to amend the complaint, the court had not abused its power in so denying because plaintiffs' "failure to provide a draft amended complaint would be an adequate basis on which the court could deny the [plaintiffs'] request"). "It is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices." *Conway v. A.I. DuPont Hosp. for Children*, 2009 U.S. Dist. LEXIS 45198 (E.D. Pa. 2009).

Good cause appearing,

It is on this 7th day of June, 2010

**ORDERED** that the Association submit a proposed amended complaint, along with the papers in support of its "motion to amend the judgment to permit the Association to amend the second amended complaint," no later than Tuesday, June 15, 2010. Failure to do so will result in an order denying the Association's motion to amend.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.