MARGARET TAYLOR FINUCANE
One PATH Plaza
Jersey City, New Jersey 07306
(201) 216-6370 – (212) 435-3415
Attorney for Defendants
THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY AND
SCOTT ERICKSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DOCUMENT ELECTRONICALLY FILED

| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., | CIVIL ACTION |
|---|---|
| Plaintiff, | CIVIL ACTION NO.: 06-042 (KSH) |
| v. | |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND POLICE OFFICER SCOTT ERICKSON, | |
| Defendants. | |

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

---

MARGARET TAYLOR FINUCANE
One PATH Plaza
Jersey City, New Jersey 07306
(201) 217-6370 – (212) 435-3415
Attorney for Defendants
THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY AND
SCOTT ERICKSON

Of Counsel and On the Brief:

Thomas R. Brophy, Esq.

## TABLE OF CONTENTS

Preliminary Statement ................................................................................................ 1

Statement of Facts ..................................................................................................... 1

Legal Argument ......................................................................................................... 3

    The Port Authority and Officer Scott Erickson Are Entitled to Summary
    Judgment as a Matter of Law .................................................................................. 3

    The Third Amended Complaint Fails to State A Claim Upon Which Relief Can
    Be Granted Because There Is No Civil Cause of Action Under § 926A ................ 3

Conclusion ................................................................................................................. 6

## Table of Authorities

**Page(s)**

**CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)......................................................................................................3

Blessing v. Freestone,
    520 U.S. 329 (1997)..............................................................................................3, 4, 5, 6

Bray v. Marriott Hotels,
    110 F.3d 986 (3d Cir. 1997)..........................................................................................3

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)......................................................................................................3

Golden State Transit Corp. v. City of Los Angeles,
    493 U.S. 103 (1989)......................................................................................................4

Matsushita
    475 U.S. at 574..............................................................................................................3

Revell v. Port Auth.,
    598 F.3d 128 (3d Cir. 2010).........................................................................................6

Sound Ship Building Corp. v. Bethlehem Steel Co.,
    533 F.2d 96 (3d Cir.), cert. denied, 429 U.S. 860 (1976).............................................3

Torraco v. Port Authority,
    615 F.3d 129 (2d Cir. 2010)...............................................................................2, 4, 5, 6

**STATUTES**

18 U.S.C. § 926A...............................................................................................1, 2, 3, 4, 5, 6

42 U.S.C. § 1983........................................................................................................1, 2, 4, 5, 6

**OTHER AUTHORITIES**

Brophy Dec., Ex. A, Ex. B.......................................................................................2, 4, 5

F.R.C.P. 56(c) ................................................................................................................3

Fourth Amendment....................................................................................................1, 2, 5

## PRELIMINARY STATEMENT

The Port Authority of New York and New Jersey and Scott Erickson move for summary judgment and dismissal of the Association of New Jersey Rifle and Pistol Clubs, Inc.'s Third Amended Complaint. Specifically, 18 U.S.C. § 926A does not provide a right to a civil cause of action under 42 U.S.C. § 1983 because:

- This Court, on June 29, 2007, found that § 926A did not create a private right of action under § 1983 separate and additional to the rights already provided by the Fourth Amendment; and

- Congress intended it to be used as a shield from criminal conviction, not as a sword in civil litigation;

- The Second Circuit has expressly held that "Congress did not intend to create federal rights in Section 926A actionable under Section 1983."

Because the Third Amended Complaint's allegations contravene Congress's intent and this Court's and the Second Circuit's holdings, this Court should dismiss it and grant Defendants summary judgment.

## STATEMENT OF FACTS

On April 1, 2005, Officer Scott Erickson arrested Gregg Revell at Newark Airport for violating New Jersey gun laws by possessing handguns without a license and hollow-point bullets. On January 27, 2006, Revell and the Association of New Jersey Rifle and Pistol Clubs, Inc. filed a Complaint against the Port Authority and Officer Erickson. Revell and the Association asserted that § 926A granted him the right to transport firearms through New Jersey despite the violation of New Jersey law. Revell and the Association asserted four counts in the first complaint. Count one was a § 1983 claim, which alleged a violation of his rights under § 926A and sought injunctive and monetary relief.

In its Opinion dated June 29, 2007, this Court dismissed count one because "it is unnecessary and, indeed, improper for this Court to conclude that § 1983 provides a separate or alternative remedy for a violation of § 926A." Brophy Dec., Ex. A. at p. 10. In summarizing its rationale, this Court found: "Nothing in the statute or legislative history would support a finding by this Court that by passing the FOPA provision at issue, Congress intended to provide firearms-transporting individuals with separate protection against arrest and seizure of property from what the Fourth Amendment already provides." Brophy Dec., Ex. A. p. 11.

Revell appealed this holding, but the Third Circuit held that the facts placed Revell outside of § 926A's protection and dismissed this Count of the Complaint against the Port Authority and Officer Erickson. The Third Circuit did not rule on this Court's finding that § 926A did not create a civil cause of action. But on June 30, 2010, the Second Circuit validated this Court's June 29, 2007 holding that § 926A does not provide a civil cause of action in Torraco v. Port Authority, 615 F.3d 129 (2d Cir. 2010).

The Association's Third Amended Complaint's one count seeks, under § 1983, to enjoin the Port Authority and Officer Erickson from violating § 926A. Brophy Dec., Ex. B. In its June 29, 2007 opinion, this Court had already rejected that § 926A creates a civil cause of action under § 1983. Brophy Dec., Ex. A. Plaintiff again asserts a § 926A violation under § 1983, despite both this Court and the Second Circuit finding that no such claim exists. Brophy Dec., Ex. B.

## LEGAL ARGUMENT

### POINT I

### THE PORT AUTHORITY AND OFFICER SCOTT ERICKSON ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

Summary judgment is appropriate when the admissible evidence in the record fails to demonstrate a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Bray v. Marriott Hotels, 110 F.3d 986, 989 (3d Cir. 1997); F.R.C.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Thus, "[t]he mere existence of a scintilla of evidence" in support of the plaintiff's claims is insufficient to avoid summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The plaintiff must do more than show there is "some metaphysical doubt as to the material facts in question." Matsushita, 475 U.S. at 574. The plaintiff must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. Sound Ship Building Corp. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir.), cert. denied, 429 U.S. 860 (1976).

Here, the Defendants should be granted summary judgment because the legislative history, case law, and practical realities demonstrate that § 926A does not provide a civil cause of action.

### POINT II

### THE THIRD AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THERE IS NO CIVIL CAUSE OF ACTION UNDER § 926A.

A.  The Legislative History And Blessing Factors Demonstrate That Congress Did Not Intend For § 926A To Create A Civil Cause Of Action.

18 U.S.C. § 926A provides, in relevant part:

3

> Notwithstanding any other provision of law...of a state...any person...shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation, the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle...

Congress's purpose in passing § 926A in 1986 was to prevent legal gun owners from being prosecuted for violating the gun laws of states through which they travel: "Congress was attempting to protect law abiding gun owners from prosecution without diluting the States' abilities to prosecute criminals using guns for illicit purposes." Brophy Dec., Ex. A. at 7, 10. Representative Bill McCollum, speaking in support of the law, described it as a "safe harbor." Id. at 8.

As stated by this Court, it "is well-settled that violation of a federal statute by a person acting under color of State law in insufficient, on its own, to support an action under § 1983." Id. at 5 (citing Blessing v. Freestone, 520 U.S. 329, 340 (1997); Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 105-106 (1989). § 1983 "is enforceable only for violations of federal rights, not merely violations of federal laws." Torraco, 615 F.3d at 136 (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 283-90 (2002); Golden State Transit Corp, 493 U.S. at 106). In Blessing v. Freestone, the Supreme Court set forth the "Blessing Factors" for determining the existence of a federal right enforceable under § 1983:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory rather than precatory terms. 520 U.S. 329, 340-41 (1997).

4

Because of this Court's and the Second's Circuit's analysis of § 926A's legislative history and the Blessing factors, § 926A's safe harbor provisions do not provide gun owners with a civil action under § 1983.

B.  The Case Law Has Stated That Imposing Civil Liability Under § 926A Is Unworkable.

In its June 29, 2007 Opinion, this Court held, in an issue of first impression, that § 926A did not create a distinct civil cause of action under § 1983. Brophy Dec., Ex. A. at pp. 5, 11, 15. This Court found, after exhaustively reviewing Congress's intent and the applicable legislative history, that a Fourth Amendment civil cause of action under § 1983 – not a § 926A civil cause of action – already protects individuals from any alleged § 926A violations. Despite this holding, the Association's Third Amended Complaint alleges a § 1983 claim for an alleged § 926A violation.

In Torraco v. Port Authority, the Second Circuit held that § 926A does not meet the second Blessing factor because providing a "remedy under § 1983 for a failure to adequately apply § 926A would be unworkable." Torraco, 615 F.3d at 138 (2d Cir. 2010). Thus, the Second Circuit held that § 926A provides no civil cause of action under § 1983: "We find no evidence either in the text or structure of Section 926A that would indicate that Congress intended that police officers tasked with enforcing state gun laws should be liable for damages when they fail to correctly apply Section 926A." Torraco, 615 F.3d at 137 (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 286 (U.S. 2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action.")). In so holding, the Second Circuit reinforced this Court's June 29, 2007 Opinion.

Although the Third Circuit has not directly ruled on this issue, it expressed:

5

> concern with the implications of Revell's argument that § 926A requires an officer to "investigate the laws of the jurisdiction from which the traveler was traveling and the laws of the jurisdiction to which the traveler was going" prior to making an arrest. It seems doubtful that, in passing § 926A, Congress intended to impose upon police officers such a potentially burdensome requirement.

Revell v. Port Auth., 598 F.3d 128, 137 Fn 15 (3d Cir. 2010). This same concern led the Second Circuit to hold that § 926A does not meet the second Blessing factor, since placing this heavy burden upon law enforcement is "unworkable." Torraco, 615 F.3d at 138 (2d Cir. N.Y. 2010).

Because of the Second Circuit's and Third Circuit's articulated unworkable burdens that a § 926A civil cause of action presents for police officers, § 926A's safe harbor provisions do not provide gun owners with a civil action under § 1983.

## CONCLUSION

The legislative history, case law, and real world impractical considerations raised by the Third Amended Complaint support a finding that § 926A does not create a civil cause of action under § 1983. Therefore, because there is no right to bring a § 1983 claim for § 926A violations, the Third Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

MARGARET TAYLOR FINUCANE
*Attorney for Defendants*
THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY AND SCOTT ERICKSON

By: /s/ Thomas R. Brophy
      Thomas R. Brophy, Esq.

Dated: January 27, 2012